**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CIVIL ACTION NO.:**

**BILLY D. COTTRELL, an individual,**

**PLAINTIFF,**

**v.**

**LEPRINO FOODS DIARY PRODUCTS COMPANY,**

**DEFENDANTS.**

---

**COMPLAINT**

---

Plaintiff, Billy Cottrell, by and through undersigned counsel of Hagen & Melusky, Inc., 1613 Pelican Lakes Point, Windsor, Colorado 80550, telephone 970.686.6618, herby submits as and for Plaintiff's Complaint as follows:

### I. STATEMENT OF CLAIM

This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of Defendant. This action arises out of the bias committed against, retaliation committed against, and illegal and wrongful discharge of Mr. Billy Cottrell. Mr. Cottrell alleges, *inter alia*, that he was terminated from his employment based, in whole or in part, upon his age in violation of The Age Discrimination in Employment

1

Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1964, as amended.

## II.   PARTIES

1. Plaintiff is a citizen of the United States and resident of the state of Colorado.

2. Defendant, Leprino Foods Dairy Products Company is a Colorado Corporation with a principal street address of 1830 West 38th Avenue, Denver, CO 80211-2200.

3. At all relevant times, Defendant employed in excess of fifteen employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## III.   JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343 as actions complained herein arise under federal law.

5. Jurisdiction is asserted pursuant to Violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, and Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*

6.      Venue is properly before this Court due to the unlawful employment practices alleged herein were committed within the state of Colorado pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

7.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 (b) and 29 U.S.C. § 1132(e)(2), wherein Plaintiff resides, Defendant regularly conducts business, and where wrongful conduct occurred.

## IV.     ADMINISTRATIVE PREREQUISITES

8.      Administrative and procedural prerequisites for filling this Complaint have been satisfied.

9.      A charge of discrimination was lodged with the Colorado Civil Rights Division and the EEOC, charge number E20100370, on or about February 25, 2010.

10.     Plaintiff fully participated and complied with the administrative law procedures of the Civil Rights Division and the EEOC.

11.     Notice of Right to Sue was issued by Department of Regulatory Agencies on April 13, 2011 and received April 15, 2011.

12.     This action is timely, and has been commenced within 90 days of receipt of the Notice of Right to Sue.

## V.     GENERAL ALLEGATIONS

13.     Plaintiff, Billy Cottrell, is an individual residing in Fort Morgan, Colorado.

14.     Plaintiff, Billy Cottrell, is a member of a protected class as a male over the age of forty.

15.     Plaintiff's year of birth is 1951.

16.     Plaintiff was hired by Defendant on or about July 1992 as a part-time warehouse loader at the Defendant's Nebraska facility.

17.     Plaintiff became a full-time employee for Defendant on July 25, 1993.

18.     Plaintiff transferred to Defendant's Fort Morgan facility upon its opening in 1994.

19.     Defendant employees approximately 3,479 individuals, approximately 269 employees at the Fort Morgan facility.

20.     Plaintiff's job title at Defendant's Fort Morgan facility was Warehouse Operator.

21.     Plaintiff performed his job duties to the satisfaction of Defendant and received periodic raises during the course of his employment.

22.     Plaintiff's salary when he was terminated by Defendant was $17.51/hr.

23.     The complained of activity took place at the Defendant's Fort Morgan facility located at 2400 East Beaver Ave, Fort Morgan, Colorado 80701.

24.     Plaintiff's direct supervisors when he was terminated were Ramon Mendez, Plant Material Manager and Adam Swift, Warehouse Supervisor.

25.     Plaintiff was employed by Defendant for over 17 years.

26.     Prior to 2009, Plaintiff had not received any work related disciplinary actions.

27.     On or about August 2008, Plaintiff was injured while at work for Defendant. The injury was to his stomach. Photographs of the injury were taken by Plaintiff's supervisor Ramon Mendez.

28.     The photographs of Plaintiff's injury were later displayed without Plaintiff's knowledge or permission by Plaintiff's Foreman Richard Quinn as a screen saver on Mr. Quinn's work computer.

29.     Mr. Quinn's work computer was located in the pre-shift office and the screen saver was visible to any passerby.

30.     Plaintiff was referred to as the "old man" by Defendant's Safety & Training Supervisor, Warren Walker on or about November 2009.  This statement was witnessed by Defendant's employees Adam Swift, Jayson Emerson, and Ramon Mendez.

31.     In the Spring of 2009, Defendant's Warehouse Manager Tom Lemus told Plaintiff "you can't teach an old dog new tricks.  You are too old to go back to school" during a conversion about Plaintiff receiving SAP training.  The statement was witnessed by Preston Ward.

32.     Upon information and belief, Defendant began using a new computer system known as "SAP" in the beginning of 2009.

33.     Upon information and belief, Defendant gives priority training to senior status employees.

34. Based on Plaintiff's years of service to Defendant, Plaintiff should have received priority training.

35. On or about June/July of 2009, Defendant began training employees in the shipping department to use the SAP computer system.

36. Upon information and belief, employees in the shipping department under the age of forty received several weeks of extensive SAP training.

37. Defendant's employees in the shipping department who received training include: Jayson Emerson, Chris Canton, Tiffany Burdon, Marianne Jubert, Delmar Hicks, and Nick Escobedo.

38. Defendant's employees in the shipping department who received SAP training are all younger than Plaintiff.

39. Training in the use of the SAP system was an essential job function for continued employment in Defendant's shipping department.

40. Plaintiff was not scheduled by his supervisors to have SAP training and therefore Plaintiff requested the training.

41. Plaintiff requested SAP training from his direct supervisor Ramon Mendez.

42. Mr. Mendez informed Plaintiff the training would be scheduled.

43. After Plaintiff's SAP training request to Mr. Mendez, SAP training was not scheduled for Plaintiff.

44. During pre-shift meetings, Plaintiff again raised the issue that he was not being trained on the SAP computer system. Plaintiff's supervisors Mr. Mendez and Mr. Swift were present in the pre-shift meetings.

45. During the time period Plaintiff was requesting SAP training June – September 2009, Plaintiff was referred to as the "old man" by co-workers and supervisors.

46. Comments were also made by Plaintiff's co-workers and supervisors doubting that he could remember what happened yesterday so why bother with the SAP training.

47. Plaintiff requested SAP training from his General Manager Kerry Mobly by letter dated October 1, 2009 by certified mail. Plaintiff's request to Mr. Mobly was denied.

48. After lodging a workers compensation claim and requesting SAP training, Plaintiff received multiple unjustified write ups from his supervisors.

49.     Younger employees of Defendant were not disciplined and were not terminated for committing the same or similar infractions as alleged to have been committed by Plaintiff.

50.     On or about May 23, 2008 Plaintiff was written up for failing to have a pallet ticket affixed to the loaded pallet.

51.     The mistake was committed by a new employee of Defendant Pam Meuth who pulled the pallet and made the pallet ticket but failed to affix the ticket to the pallet. Plaintiff counted and verified the 12x12 cases on the pallet. Defendant employees Jayson Emerson, Ramon Mendez, and Richard Quinn also verified the count.

52.     Upon information and belief Plaintiff was the only employee of Defendant disciplined for the May 23, 2008 incident.

53.     On or about December 8, 2008 Plaintiff was written up for allegedly loading a shipment with a broken pallet.

54.     Upon information and belief Defendant's employees Jayson Emerson, Chris Canton, Mary Jubert, and Delmar Hicks have loaded damaged pallets.

55.     Upon information and belief Defendant's employees Jayson Emerson, Chris Canton, Mary Jubert, and Delmar Hicks have not been disciplined for loading damaged pallets.

56.     On or about the first quarter of 2009 Plaintiff broke his toe at home, requiring Plaintiff to wear a walking cast until the injured toe healed properly.

57.     Plaintiff requested to be put back to work with the walking cast or in the alternative receive the SAP training while his toe healed.

58.     Plaintiff's request for reasonable accommodation or SAP training was arbitrarily denied.

59.     Upon information and belief, Defendant permitted employee Cody Roth, age less than 40, to work while wearing a cast or brace.

60.     Upon information and belief, Defendant permitted employee Emma Greenwood, to work while wearing a cast or brace.

61.     Upon information and belief, Defendant permitted employee Pam Meuth, age less than 40, to work while wearing a cast or brace.

62.     Upon information and belief, Defendant permitted employee John McDougal, to work while wearing a cast or brace.

63. Upon information and belief, Defendant permitted employee Susie McDougal, age less than 40, to work while wearing a cast or brace.

64. Upon information and belief, Defendant permitted employee Janie Tucker, age less than 40, to work while wearing a cast or brace.

65. Upon information and belief, Defendant permitted employee Lee A. Musgrave, age less than 40, to work while wearing a cast on his foot.

66. On or about September 22, 2009 Plaintiff was disciplined and ultimately terminated on September 28, 2009 for allegedly falsifying documents concerning the temperature of a refrigeration trailer prior to loading.

67. Defendant's employee Tyler Ritter was merely admonished for allegedly falsifying documents concerning the temperature of products.

68. Approximately two weeks prior to the alleged incident that resulted in Plaintiff's termination Defendant's employees Jayson Emerson and Josh Sewald, both in their twenties, loaded frozen cheese to be shipped to Florida, failed to verify the temperature of the load resulting in a forty thousand pound spoiled load that was returned by customer.

69. Upon information and belief Defendant's employees Jayson Emerson and Josh Sewald were not disciplined and were not terminated for their failure to verify the temperature of the spoiled load.

70. On or about September 22, 2009, Plaintiff was informed by Defendant employee Shane Cole that he would receive a telephone call from Shane Cole, Human Resources Manager at 8:30 am on September 28, 2009 to discuss the incident. Mr. Cole did not contact Plaintiff on September 28, 2009 as promised.

71. Plaintiff was informed by Jayson Emerson, Defendant warehouse employee that Plaintiff's belongings were boxed up in Shane Cole's office and Plaintiff's name was crossed out of the work schedule.

72. On or about September 30, 3009, Defendant's employee Shane Cole informed Plaintiff that his employment with Defendant had been terminated.

73. Defendant's reason given for the termination was Plaintiff allegedly falsified company documents.

## VI.   FIRST CAUSE OF ACTION
(Age Discrimination in Employment Act (ADEA)

74. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

75. Plaintiff is a member of a protected class as a male over the age of 40.

76. Plaintiff performed his job to the satisfaction of Defendant.

77. Plaintiff was terminated on or about September 28, 2009.

78. Plaintiff's position was filled by a younger person.

79. Plaintiff has been damaged by Defendant's actions including but not limited to back pay, front pay, loss of benefits, loss of seniority, liquidation of retirement assets, court costs, and attorney's fees in an amount to be proven at trial.

### VII.   SECOND CLAIM FOR RELIEF
(Title VII Retaliation, 42 U.S.C. §2000e-3(a))

80. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

81. Plaintiff engaged in protected opposition to discrimination by informing his supervisors individually and during numerous pre-shift meetings that he was not being trained to use the SAP computer system while his younger co-workers were being trained to use the SAP computer system.

82. Plaintiff also reported the discriminating and requested SAP training from his General Manager Kerry Mobly by letter dated October 1, 2009. Plaintiff's request to Mr. Mobly was denied.

83. Defendant took an adverse employment action by condoning the derogatory treatment of Plaintiff, validating pre-textual disciplinary action against Plaintiff, and ultimately terminating Plaintiff's employment on September 28, 2009.

84. A causal connection between Plaintiff's protected activity in the summer of 2009 and Defendant's adverse actions during 2009 concluding with Defendant's termination of Plaintiff's employment on September 28, 2009.

85. Plaintiff has been damaged by Defendant's actions including but not limited to back pay, front pay, loss of benefits, loss of seniority, liquidation of retirement assets, court costs, and attorney's fees in an amount to be proven at trial.

### VIII.   THIRD CLAIM FOR RELIEF
(Harassment/Hostile Work Environment Based on Age)

86. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

87. Plaintiff is a member of a statutorily protected class based on his age, (over 40).

88. Defendant subjected Plaintiff to unwelcome and offensive conduct based on his age.

89. Defendant's conduct was sufficiently severe or pervasive that it altered the terms, conditions, and privileges of Plaintiff's employment and created an abusive work environment.

90. Defendant's actions as described herein were willful and wanton and part of a pattern and practice of Defendant's Fort Morgan Facility subjecting employees over the age of 40 to a hostile work environment.

91. As a proximate result of Defendant's discriminatory actions, Plaintiff suffered lost wages; job opportunities; privileges; benefits; tenure; and seniority. Plaintiff has also suffered physical illness, emotional injury, damage to reputation, pecuniary and non-pecuniary damages; and other losses and injuries to be proven at trial.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant and award the following:

  a. Compensatory damages including, but not limited to lost wages, lost health or other benefits, future wage loss, loss of earning capacity, loss of reputation and damages to career,
  b. Exemplary or punitive damages,
  c. Pre-judgment and post-judgment interests, costs, attorney's fees,
  d. Any other relief to which this Court deems appropriate.

Dated: July 12, 2011

                                        s/ Robert J. Herrera
                                        **ROBERT J. HERRERA, ESQ., #37093**
                                        *HAGEN & MELUSKY, INC.*
                                          1613 Pelican Lakes Point
                                          Suite B, Lower Level
                                          Windsor, Colorado 80550
                                          Phone: 970-686-6618
                                          Fax: 970-686-2899
                                          Email: Robert@h-mlegal.com
                                          Attorney(s) for Plaintiff

## **CERTIFICATE OF DELIVERY**

I certify that on the 12th day of July 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

                                        s/ Robert J. Herrera
                                        **ROBERT J. HERRERA, #37093**
                                        *HAGEN & MELUSKY, INC.*
                                        1613 Pelican Lakes Point
                                        Suite B, Lower Level
                                        Windsor, Colorado 80550
                                        Phone: 970-686-6618
                                        Fax: 970-686-2899
                                        Email: robert@h-mlegal.com
                                        Attorney(s) for Plaintiff